IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | |
|---|---|
| RUBEN LARAY JEFFERY, <br> TDCJ No. 01851926, <br><br> Plaintiff, <br><br> v. <br><br> TEXAS TECH MEDICAL, et al., <br><br> Defendants. | § <br> § <br> § <br> § <br> § <br> § <br> § Civil Action No. 7:17-cv-00065-M-BP <br> § <br> § <br> § <br> § <br> § <br> § |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is a civil rights complaint filed by Plaintiff Ruben Laray Jeffery, an inmate confined in the James V. Allred Unit of the Texas Department of Criminal Justice in Iowa Park, Texas. ECF No. 1. Defendants are Texas Tech Medical, Dr. Steven Lopez, and Allred Unit Medical Administrator Tommy Norwood. *Id.* at 3.

Plaintiff states that he is diabetic and has neuropathy in both feet. *Id.* at 4. He complains that on June 6, 2016, during a medical examination, Dr. Steven Lopez used a syringe to test for feeling in his feet. *Id.* Plaintiff claims that Dr. Lopez began stabbing him in both feet causing his feet to bleed. *Id.* Plaintiff seeks compensatory and punitive monetary damages. *Id.*

Complaints filed by *pro se* litigants may be dismissed as frivolous when they seek to re-litigate claims premised upon substantially the same facts arising from a common series of events upon which the plaintiff has relied in a previous lawsuit, even if the previous suit remains pending. *Pittman v. Moore*, 980 F.2d 994, 995 (5th Cir. 1993); *Wilson v. Lynaugh*, 878 F.2d 846, 850 (5th Cir. 1989); *see also Adele v. Rogers*, 669 F. App'x 264 (5th Cir. 2016); *Cato v. United States*, 70

F.3d 1103, 1105 n.2 (9th Cir. 1995); *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988); *Van Meter v. Morgan,* 518 F.2d 366, 367-68 (8th Cir. 1975); *Ballentine v. Crawford*, 563 F. Supp. 627, 629 (N.D. Ind. 1983). Plaintiff's claims are identical to those set forth in his previously filed and currently pending case, *Jeffery v. Lopez,* No. 7:17-CV-062-M-BP (N.D. Tex.). Thus, the case at bar constitutes repetitive litigation. *See Pittman v. Moore*, 980 F.2d at 995 (noting that a plaintiff is entitled to "one bite at the litigation apple - but not more").

The undersigned notes that Plaintiff has sued different defendants in the two actions filed. To the extent that he wishes to include Tommy Norwood or Texas Tech Medical in his earlier-filed lawsuit, Plaintiff may seek leave to amend his complaint and add Norwood and Texas Tech Medical as defendants in that action.

For the foregoing reasons, the undersigned RECOMMENDS that Plaintiff's Complaint be DISMISSED pursuant to 28 U.S.C. § 1915A(b)(1) as frivolous. This dismissal should be without prejudice to Plaintiff's earlier-filed complaint, *Jeffery v. Lopez,* No. 7:17-CV-062-M-BP (N.D. Tex.). Although Plaintiff has neither paid the filing fee nor filed a motion for leave to proceed *in forma pauperis*, the Court has the authority under 28 U.S.C. § 1915A to screen and dismiss frivolous lawsuits filed by inmates.

A copy of this findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b)(1). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely

incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

Signed May 8, 2017.

_____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE